IN THE UNITED States District Court,
FOR the District of West Virginia.

HAROLD L. WRIGHT
     PETITIONER,

    V.

TROY WILLIAMSON, WARDEN
    DEFENDANT.

CIVIL ACTION NO: _____
           5:03-0_

FILED

MAY 1 4 2003

SAMUEL L. KAY, CLERK
U. S. District & Bankruptcy Cr__
Southern District of West Virg__

PETITION PURSUANT to 28 U.S.C.
SECTION 1331

COMES NOW PETITIONER, HAROLD WRIGHT, PRO SE
PURSUANT to 28 U.S.C. SECTION 1331, GROUNDS FOR
this ACTION ARE as follows.

   PETITIONER filed a administrative Tort Claim, NO: TRT-
2003-01439 here within the institution at F.C.I-BECKL
REGARDING the Lost of property by this institution on or
about February 3RD, 2003, petitioners claim was deni
on or about February 25th, 2003 by the institution.

   PETITIONER was instructed along with the institutio
denial, that if dissatisfied, take them to court.

   PETITIONER would RESPECTFULLY ask this HONORABLE
COURT to ACCEPT this ACTION IN ACCORD with HAINES V. K
404 U.S. 519, 520-21, 92 S. ct. 594, 30 L. Ed. 2d 652
(1972), as petitioner is NOT A LAWYER and comes befo
this court pro se.

II.

THE petitioner is presently Confined at, F.C.I-Beckley, P.
Box 350, Beaver, West Virginia, 25813.
  Petitioner has not begun any other lawsuits with
Regard to this situation now before the court.
  Petitioner has fully exhausted all possible remedies
pursuant to the Bureau of Prisons Policy statement
1330.07.
  Petitioner filed a administrative Tort Claim with the
institutions Supervisory Attorney, Debbie Stevens, of
the Consolidated Legal Center, Beckley, in accord with
the provisions of the Federal Tort Claims Act, 28 U.S.C. 26
  Petitioner ask for Lost property totaling $225.00 by the
Bureau of Prisons staff here at F.C.I-Beckley and F.C.I-
Raybrook, New York.
  Petitioners claim was denied with Respect to both
institutions, petitioner was told to take them to court.
  Petitioner Ful name is, Harold L. Wright, F.C.I-Beckl
P.O. Box 350, Beaver, West Virginia, 25813.
  The defendant Ful name is, Troy Williamson, Warden,
F.C.I-Beckley, P.O. Box 350, Beaver, West Virginia, 25813
  Petitioners administrative Tort Claim seeking the los
of petitioners property by Bureau of Prison staff being
denied are the grounds upon which petitioner seeks t
prosecute this Law suit.
  Petitioner was a inmate at F.C.I-Fairton, one of the
many prisons inside the Bureau of Prisons. while there
petitioner was experiencing very bad pain regardin
petitioners Feet, petitioner was seen by the institutio
clinical Director. (Dr. Morales) who concluded that

## II.

petitioners pain was due to a fracture that had heal incorre[c]
outside of Rebreaking the bone, which would be costly and not go
at petitioners age, trying different kinds of shoes for comfor[t]
was the only other Recourse. Petitioner was then instructed b[y]
the Bureau of Prisons Medical Department at that institution t[o]
look through a shoe book, After petitioner decided on a comfort
pair shoes, the Medical departments clinical director approv[ed]
and authorized petitioner to buy the shoes for medical purpos[e]
    Upon the shoes arriving at the institution, the Medical Dep[t]
Received the shoes, inspected the shoes and then gave th[e]
shoes to petitioner, along with a medical past to have the[m]
    Petitioner soon after transfered to F.C.I-Raybrook, another
institution inside the Bureau of Prisons, upon Arriving petition[er]
was denied his medical shoes, petitioner was forced to get ri[d]
of the medically approved shoes, the institution, F.C.I-Raybrook
disregarding not only the medical need for them, but the cost
to petitioner of buying them.
    After petitioner was forced to go back to wearing instituti[onal]
shoes, shoes that petitioner was instructed to not wear,
  petitioner started experiencing pain once again with his
feet. Petitioner then saw the clinical director of that
institution, (Dr. Marini) who concluded the same thing a[s]
the clinical director in F.C.I-Fairtons institution, that [he]
could not wear the institutional shoes. Again, petitioner [was]
given a shoe book to pick out comfortable shoes, again the
shoes was Approved, Authorized, inspected and given to
petitioner by the Medical department, at the petitioners
expense once again.(Petitioner would like to court to note
that this is the same institution, F.C.I-Raybrook, that denied

IV.

petitioner his medically approve shoes upon petitioners arrivel, forced petitioner to get rid of the shoes dispite they being medically needed and paid for by petitioner, now approving and authorizing petitioner to pay once again per the instructions of the medical department for more shoes a treatment for petitioners pain.)

Upon the arrivel of the second pair medical approved shoes paid for by petitioner, petitioner transfered to anoth institution here within the Bureau of Prisons, petitioners present place of confinement, F.C.I-Beckley. As was done before, petitioner was denieded the medically approved sho by this institution, F.C.I-Beckley, once again, dispite their medical need and cost to petitioner.

Petitioner then filed a administrative Tort Claim, seekin the lost of both pair shoes by the Bureau of Prisons institutions here at F.C.I-Beckley and F.C.I-Raybrook. Petitioner conten that the Bureau of Prisons medical departments at the (2) two institutions instructed petitioner to by the shoes, another department of said institutions will not allow petitioner t have the shoes, the medical departments at both institutions h a responcibility to know before instructing petitioner to pay for the shoes if petition would be able to have them. Petition ask in the Tort Claim for the lost of petitioners money, $225.00 for shoes petitioner was instructed to buy by the Bureau of Prisons two medical departments in both institutions, the Tort Claim was denied, forcing petitioner to come before the Co

Petitioner now seeks to have this honorable court decide petitioners lost of $225.00 is the Bureau of Prisons medic department responcibility, and to obtain petitioners lost.

4.

PETITIONER RESPECTFULLY REQUEST that this HONORABLE Court grant the RELIEF sought by petitioner, the RETURN of petitione $225.00 dollars, AND ANY other RELIEF that this court deems just AND proper.

March 9th, 2003
Harold Wight
RE:NO: 32803-037
F.C.I- BECKLEy
P.O. Box 350
BEAVER, WEST Virgini
2581

PETITIONER declare under penalty of perjury that the FOREGOING is true AND CORRECT.

Harold Wight
~~MARCH 9th 2003~~
MAy 13, 200

# Exhibits information

Inclosed are two (2) exhibits by petitioner that he would Like to show the court at this time, petitioner ask that the court enter these into the Record.

first, is the medical departments past from F.C.I-Raybrook, Attempting to force another department in the institution to allow me to have the medically approved shoes I arrived with from F.C.I-Fairton, which the institutions other department did not, forcing petitioner to get Rid of the said shoes.

                                                    See Exhibit-IA

showing that petitioner arrived from F.C.I-Fairton with purchased shoes approved by that institutions medical department. Secondly, is the Authorization the medical department at F.C.I-Raybrook approved for the second pair shoes peti paid for there, which petitioners present institution, F.C.I-Bec has forced petitioner to get Rid of.     See Exhibit-I-B

Also, enclosed is a copy of the denied Tort Claim by the institution, in which they claim staff is not Responsible for my Lost. Their reasoning being the shoes was not medical shoes by their standard, dispite the fac. that two (2) medical departments, in two (2) institutio with this Bureau of Prisons Authorized, approved and accepted them as such.

FED    AL CORRECTIONAL INSTITUTIC.    )SPITAL
RAY BROOK, NEW YORK

## IDLE, CONVALESCENT AND CHANGE IN WORK CLASSIFICATION STATUS

TO:   ALL CONCERNED            UNIT: _Niagra B_    DATE: _12/11/01_
INMATE'S NAME: _Wright, Harold_   DETAIL: _none_    REG. NO.: _32803 - 0_

*For Medical purposes, the inmate named above has been authorized the work and/or activity status listed below the reason(s) and the time shown.*

## MEDICAL CLASSIFICATION STATUS: (Check one and answer questions)

( ) IDLE: Reason_____ THRU 12 MIDNIGHT _D. MARINI, M.D._
( ) CONVALESCENCE: List any restricted activity for medical reasons. _CLINICAL DIREC_
_____ THRU 12 MIDNIGHT _____,
( ) RESTRICTED DUTY: Specify exact restriction and reason. _____
_____ THRU 12 MIDNIGHT _____,
( ) TOTALLY DISABLED: Allow in mate to wear soft shoes
( ) FULL DUTY: purchased at FCI Fairton (permanent)    _DMarini, MD_
                                                        **Physician or Physician Assistan**

## DEFINITIONS AND INSTRUCTIONS

**IDLE STATUS** - Temporary disability not to exceed three days duration including weekends and holidays. Restricted to room except for me barbering, religious services, sick call, visits and call outs. No recreation activity.
**CONVALESCENT STATUS** - Recovery period for operation, injury, or serious illness. Not less than four days and not to exceed thirty days, su ject to renewal. Excused from work and may not participate in any recreational activities outside the unit.
**RESTRICTED DUTY** - Restricted from specific activities because of physical or mental handicap. List handicap, work limitation and time peri either specific date or indefinite.
**TOTALLY DISABLED** - Totally unemployable and unassigned because of mental or physical reasons. Condition generally expected to la indefinetely.
**FULL DUTY** - No work restrictions because of physical, medical or mental disability.

Institution would not Allow,
which forced me to lose the cost
of shoes...

Exhibit-I-B

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**AUTHORIZATION TO RECEIVE PACKAGE
OR PROPERTY**

Katena Smith

| Name and Address of Person Sending Package | 106% Winthrop St D-6 Brooklyn NY 11212 | **EXPIRATION DATE** |
|---|---|---|
| MILDRED JONES (Inc) (Name) | | 9-25-02 |

1725 J. BROADWAY
(Address)

This Authorization Is Not Valid After The Date Shown.

BALTIMORE, MARYLAND

Enter Inmate Name, Register No., and Institution Address Here:

| (City) | (State) | 21213 (Zip Code) |
|---|---|---|

Wright, Harold. MA-B
32803-037
FCI Ray Brook, Ray Brook NY
12977

THE NAMED INMATE IS AUTHORIZED TO RECEIVE (specify below):

You are authorized to send the following personal property. PLEASE NOTE: Including unauthorized materials in the package will result in the entire package being returned undelivered.

| QUANTITY | ITEM AND DESCRIPTION (INCLUDED STATED VALUE) | DISPOSITION |
|---|---|---|
| 1 | PAIR OF SHOES soft shoes -BROWN SIZE 10-D | K |

SPECIAL INSTRUCTIONS: The inmate will mail the pink and goldenrod copy to addressee. The addressee may retain the pink copy but must include the GOLDENROD IN THE PACKAGE. The material must also be received prior to the Expiration Date shown above.

DISPOSITION: **S** – Storage; **D** = Donated; **K** – Keep in Possession; **M** – Mail; **C** – Contraband

ENTER SIGNATURE, TITLE AND DATE OF APPROVING OFFICIAL – APPROVING OFFICIAL ALSO ENTERS EXPIRATION DATE, above.

_____ (Signature and Title)                    9-25-02 (Date Approved)

**INSPECTION AND RECEIPT**

Completed by Inspecting Staff

Status/Condition of Property Received: Brown Timberland 10.5 M - Valued under $100.00

Inspected and cleared for issue: _____ (Staff Signature)      10/10/02 (Date)

_____ (Inmate Signature Upon Receipt)    10/11/02 (Date)

The white, green and canary copy remain together until fully completed. The pink and goldenrod are forwarded to the addressee by the inmate.

Final Filing: White – Central File
        Green – R&D Property File
        Canary – Inmate
        Pink – Addressee to keep
        Goldenrod – Addressee place in package



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Institution*

---

*1600 Industrial Park Road*
*Beaver, West Virginia  25813*

February 25, 2003

Harold Wright
Reg. No. 32803-037
FCI Beckley
PO Box 350
Beaver, West Virginia 25813

Re: Administrative Tort Claim Number TRT-MXR-2003-01439

Dear Mr. Wright:

Your claim has been considered for administrative settlement under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et. seq.*, and authority granted under 28 C.F.R. § 0.172.  You claim government liability in the amount of $225.00 for loss of personal property.  Specifically, you claim that on December 11, 2001, you were told by medical staff to purchase special shoes which FCI Beckley R&D staff will not allow you to have.

Investigation reveals you arrived at FCI Beckley on November 21, 2002.  At that time, intake screening was conducted and you were informed that unless the Clinical Director deemed it appropriate, soft shoe permits from other institutions would not be honored at FCI Beckley.  You were evaluated by medical personnel on December 12, 2002, and no abnormalities to your feet were noted.  You were advised on January 24, 2003 by the Clinical Director that you did not meet the criteria for a soft shoe pass.  The boots were also inspected and it was noted the boots did not contain any special orthotics or appliances.  Your boots are being held in R&D, awaiting an address to mail them out of the institution.

There is no evidence that any act or omission of a government employee was a factor in your loss.  Accordingly, your claim is denied.  This is a final denial of your claim.  If you are not satisfied with this determination, you have six months from the date of the mailing of this notification to bring suit in an appropriate United States District Court, should you wish to do so.

Sincerely,

Bill Burlington
Regional Counsel